UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **STEPHEN M. MCGILL** | **CIVIL ACTION NO. 16-1023-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **BRADY O'CALLAGHAN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Stephen M. McGill ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on July 11, 2016. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He claims his civil rights were violated during his arrest and criminal trial proceedings. He names Judge Brady O'Callaghan, ADA Jason Brown, Officer K.D. Tilmon, Detective Tyler, CSI Tracy Mendel, Jim Andes, and Carlos Prudhomme as defendants.

Plaintiff claims that on March 8, 2014, he was illegally arrested and his house was searched. He claims Officer Tilmon took pictures and other items without his consent or a warrant. He claims Officer Tilmon's police report stated that he turned over the photos and other items while in the house. Plaintiff claims that on the police video, Officer Tilmon states that he has to go into the house to take photos. He claims that at the suppression hearing,

Officer Tilmon denied taking photos of his residence or being alone in the house for more than an hour.

Plaintiff claims that during his trial, Assistant District Attorney Brown tampered with witnesses Officer Tilmon, Tyler Mendel, Alice Brown, and victim Cynthia Darby. He claims ADA Brown wanted the jury to believe that everyone was terrified of him.

Plaintiff claims Officer Tilmon repeatedly committed perjury. He also claims Detective Tyler committed perjury at the preliminary hearing. He claims Detective Tyler stated that he recorded all interviews, but at the suppression hearing he stated he turned over the interview to the District Attorney. Plaintiff claims Detective Tyler stated at trial that he never recorded any interviews.

Plaintiff claims Detective Tyler states in his written report that Alice Brown witnessed an assault. He claims that during his trial, Alice Brown does not testify that she witnessed an assault. Plaintiff claims Alice Brown was not charged with filing a false police report or perjury.

Plaintiff claims CSI Mendel stated that blood was found at different locations in the house. He claims CSI Mendel did not send the blood samples to the crime lab. He claims CSI Mendel's police work was incompetent. He also claims CSI Mendel refused to investigate the location where he said the incident occurred.

Plaintiff claims Alice Brown and Cynthia Darby told two totally different stories about his relationship with Cynthia Darby. He claims Judge O'Callaghan allowed Alice Brown to testify as to hearsay testimony.

Plaintiff claims ADA Brown was repeatedly asked for medical reports in court and through motions. He claims Judge O'Callaghan refused to rule on the motions for production or direct ADA Brown to provide the Brady material to the defense.

Plaintiff claims Public Defender Jim Andes failed to conduct an investigation, was not prepared for court, and did not file any meaningful motions. He claims Jim Andes did not provide him with the videos for review as ordered by the judge. Plaintiff claims he repeatedly requested that Jim Andes be removed as his attorney and that he be appointed another attorney. He claims he was forced by the court to proceed pro se. He claims his standby attorney, Carlos Prudhomme, was not prepared. Plaintiff claims Jim Andes and Carlos Prudhomme provided him with ineffective assistance of counsel.

Plaintiff claims Judge O'Callaghan violated his right to a speedy trial when he did not rule on his motions. He claims Judge O'Callaghan denied his right to a reasonable bail and considered him guilty before he was convicted. He claims Judge O'Callaghan allowed him to proceed pro se even after Plaintiff explained he received a mental disability check.

As relief, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff claims he was wrongly convicted and sentenced because of the actions of Defendants. Plaintiff is seeking monetary compensation for an allegedly unconstitutional conviction and sentence. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm

caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation for civil rights violations under Section 1983; therefore, he must prove his conviction or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence have been invalidated.

**Judge Brady O'Callaghan**

Plaintiff names Judge Brady O'Callaghan as a defendant. He claims Judge O'Callaghan allowed hearsay testimony to be admitted at his trial. He claims Judge O'Callaghan refused to rule on his motions or direct ADA Brown to provide him with Brady material. He claims Judge O'Callaghan forced him to proceed pro se. He claims Judge O'Callaghan violated his right to a speedy trial, denied him a reasonable bail, and considered

him guilty before he was convicted.

Plaintiff cannot allege claims against Judge O'Callaghan. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) were centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Accordingly, Plaintiff's civil rights claims against Judge O'Callaghan should be dismissed as frivolous.

**Assistant District Attorney Jason Brown**

Plaintiff names Assistant District Attorney Jason Brown as defendant. He claims ADA Brown tampered with witnesses and wanted the jury to believe everyone was terrified of him. He claims ADA Brown failed to provide the medical reports.

Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth

Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the Assistant District Attorney as a quasi-judicial officer of the court and in the ordinary exercise of his quasi-judicial duties. Accordingly, Plaintiff's civil rights claims against Assistant District Attorney Jason Brown should be dismissed as frivolous.

**Attorneys Jim Andes and Carlos Prudhomme**

Plaintiff claims attorneys Jim Andes and Carlos Prudhomme provided him with ineffective assistance of counsel.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United

States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v.Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Jim Andes and Carlos Prudhomme should be dismissed as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's civil rights claims against Judge Brady O'Callaghan, Assistant District Attorney Jason Brown, Jim Andes and Carlos

Prudhomme be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 29th day of November, 2016.

Mark L. Hornsby
U.S. Magistrate Judge